**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY HELDT, et al., ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:12-cv-01107-KJD-NJK |
| ) | |
| vs. ) | ORDER DENYING MOTION TO COMPEL |
| ) | |
| AMERICAN INVSCO CORPORATION, et al., ) | (Docket No. 45) |
| ) | |
| Defendant(s). ) | |
| ) | |

     Pending before the Court is Plaintiffs' motion to compel discovery from Defendant Condominium Rental Services, Inc ("Defendant"). Docket No. 45. Having considered the materials submitted and for the reasons explained below, the Court hereby **DENIES without prejudice** the motion to compel.

     The Court's initial inquiry regarding the motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

     Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully

discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added).

The certification with the pending motion to compel provides that the parties have exchanged two voicemails and Plaintiffs' counsel attempted one additional time to contact Defendant's counsel. *See* Shinn Decl. at ¶¶6-8. The Court finds that these efforts do not comply with *ShuffleMaster* and do not permit a finding that Defendant's counsel is unwilling to discuss the pending motion.

Accordingly, the Motion to Compel is hereby **DENIED** without prejudice. Defendant's counsel shall contact Plaintiffs' counsel, no later than March 28, 2013, to schedule a conference regarding the issues raised in the pending motion.

IT IS SO ORDERED.


DATED: March 26, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

2