# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARY HELDT, et al., ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:12-cv-01107-KJD-NJK |
| ) | |
| vs. ) | ORDER DENYING MOTION TO COMPEL |
| ) | (Docket No. 48) |
| AMERICAN INVSCO CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Pending before the Court is Plaintiffs' motion to compel discovery from Defendant Meridian Private Residences CH, LLC ("Defendant"). Docket No. 48. Having considered the materials submitted and for the reasons explained below, the Court hereby **DENIES without prejudice** the motion to compel.

The Court's initial inquiry regarding the motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully

discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added).

The certification with the pending motion to compel states that Plaintiffs agreed to extend the deadline to respond to the disputed discovery and that Defendant thereafter served answers to interrogatories. *See* Shinn Decl. at ¶¶ 6-8. Plaintiffs' motion objects to the answers to the interrogatories as untimely and incomplete. *See* Docket No. 48 at 9. Plaintiffs, however, fail to make any showing whatsoever regarding whether any meet and confer was held with respect to their objections to the answers to the interrogatories served.

Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: March 26, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

2