UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE COUTURIER, et al., <br><br> Plaintiff(s), <br><br> vs. <br><br> AMERICAN INVSCO CORP., et al., <br><br> Defendant(s). | Case Nos.   2:12-cv-01104-APG-NJK <br> 2:12-cv-01106-APG-NJK <br> 2:12-cv-01107-APG-NJK <br> 2:12-cv-01108-APG-NJK <br> 2:12-cv-01110-APG-NJK <br> 2:12-cv-01111-APG-NJK <br><br> ORDER DENYING WITHOUT PREJUDICE STIPULATION TO EXTEND DISCOVERY DEADLINES |

Pending before the Court is a renewed stipulation to extend various deadlines in the amended scheduling order, filed July 8, 2013. Docket No. 102, 2:12-cv-1104-APG-NJK; Docket No. 84, 2:12-cv-1106-APG-NJK; Docket No. 90, 2:12-cv-1107-APG-NJK; Docket No. 82, 2:12-cv-1108-APG-NJK; Docket No. 86, 2:12-cv-1110-APG-NJK; Docket No. 76, 2:12-cv-1111-APG-NJK. The pending stipulations seek to extend the discovery deadline from October 15, 2013 to January 31, 2014 for the limited purpose of conducting five depositions. For the reasons discussed more fully below, the stipulation is hereby **DENIED** without prejudice.

Overview

As this Court has explained previously on multiple occasions, requests to extend deadlines in the scheduling order must be submitted at least 21 days before the expiration of the subject deadline. *See, e.g.*, Order July 9, 2013 (explaining standards and citing past orders explaining standards). Requests filed after that time must be supported by a showing of excusable neglect. *See* Local Rule 26-4. In this case, the pending stipulations were filed on October 18, 2013, while the discovery

cutoff expired on October 15, 2013. *See* Order, July 9, 2013. Hence, the parties must show both good cause for the requested extension and excusable neglect for their failure to request the extension at least 21 days before the discovery cutoff.

PMK Depositions

With respect to the PMK depositions listed, the parties stipulate that the depositions were noticed and set to proceed before the current discovery cutoff, but they were unable to proceed due to a scheduling error. Although there appears to be good cause and perhaps excusable neglect for this request, the stipulation does not provide sufficient information. For example, there is no explanation as to what "scheduling error" occurred, when was it clear to the parties that there was a scheduling error, and why the pending stipulation was not submitted at least 21 days in advance of the discovery cutoff.

Defendant Nicholas Gouletas

With respect to the deposition of Nicholas Gouletas, it again appears that there may be good cause and perhaps excusable neglect, but the stipulation fails to provide sufficient information. The parties indicate that this deposition was noticed and set prior to the current discovery cut-off. The parties indicate that the deposition could not proceed as planned because Mr. Gouletas' physician served a letter on Plaintiffs indicating that he is in poor health and unable to be deposed until at least January 2014. But the parties fail to explain, for example, when that letter was served, so that the Court can determine whether the letter could support a finding of excusable neglect for not requesting an extension of the discovery deadline at least 21 days before its expiration.

Amber Morelli

With respect to the deposition of Amber Morelli, the Court finds that neither good cause nor excusable neglect has been shown. As an initial matter, the parties appear to state that Ms. Morelli's deposition was "noticed and set prior to the current discovery cut-off" but contradict that statement in asserting that they have been unable to serve Ms. Morelli with a deposition subpoena. The stipulation indicates that Ms. Morelli has been evading service. Unfortunately, it provides no further details, such as (1) the attempts that have been made to serve Ms. Morelli (and the dates, thereof), or (2) why the parties did not bring Ms. Morelli's purported evasion to the Court's attention prior to the

expiration of the discovery cut-off.  The mere assertion that a would-be deponent may be evading service of a subpoena does not necessarily translate to good cause for extending the discovery cut-off.  *See Coleman v. District of Columbia*, 284 F.R.D. 16, 21 (D.D.C. 2012) (affirming denial of request to extend discovery notwithstanding possibility that would-be deponent was evading service).  In short, the Court has insufficient information before it to find either good cause or excusable neglect exist with respect to the requested extension of the discovery period to take the deposition of Ms. Morelli.

Conclusion

       For the reasons stated above, the stipulation to extend discovery is **DENIED** without prejudice.

       IT IS SO ORDERED.

       DATED: October 21, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge